IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GERARD MONTERO FELDER, )
)
    Petitioner, )
)
v. ) Civil Action No. 3:18CV240–HEH
)
J. RAY ORMOND, )
)
    Respondent. )

## MEMORANDUM OPINION
(Granting Respondent's Motion to Dismiss)

Gerald Montero Felder, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 1.)[1] The Government filed a Motion to Dismiss. (ECF No. 10.) For the reasons set forth below, the Government's Motion to Dismiss will be granted and the § 2241 Petition will be dismissed without prejudice for want of jurisdiction.

---

[1] The statute provides, in pertinent part:

    (c) The writ of habeas corpus shall not extend to a prisoner unless--
        (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
        (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
        (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C.A. § 2241(c)(1)–(3).

## I. Procedural History

In June of 2007, Felder pled guilty to one count of conspiracy to possess with intent to distribute cocaine and cocaine base in the United States District Court for the Western District of North Carolina ("Sentencing Court"). *See Felder v. United States*, Nos. 5:12–cv–56–RLV, 5:06–cr–22–RLV–CH–2, 2015 WL 1602076, at *1 (W.D.N.C. Apr. 9, 2015.) In his Plea Agreement, Felder agreed that 1.5 kilograms of cocaine and cocaine base were foreseeable to him and that his base offense level for the United States Sentencing Guidelines ("USSG") was 38. *Id.* The Government previously had filed a Notice of Intention to Seek Enhanced Penalties under 21 U.S.C. § 851, and the Plea Agreement noted that Felder's statutory minimum and maximum sentences were twenty years to life. Plea Agreement ¶ 4, *United States v. Felder*, No. 5:06–cr–22–RLV–CH–2 (W.D.N.C. filed June 19, 2007); ECF No. 370; *see id.* ECF No. 29.

A Presentence Report ("PSR") was prepared prior to his sentencing and the probation officer calculated his total offense level to be 38 based on the quantity of drugs attributable to him in his Plea Agreement and on a two-level enhancement for possession of a firearm during the course of the conspiracy. *Felder*, 2015 WL 1602076, at *1 (citation omitted). Despite having nine criminal history points, Felder was not found to be a career offender. *Id.* at *2 (citation omitted). Felder's criminal history category was IV. *Id.* Felder's applicable advisory guidelines range was 324 to 405 months of incarceration. *Id.* (citation omitted). The Sentencing Court sentenced Felder to 324 months of incarceration, the very bottom of the advisory range. *Id.* (citation omitted). Felder appealed; however, the United States Court of Appeals dismissed the appeal based

on the waiver of appeal provision in Felder's knowing and voluntary Plea Agreement. *Id.* (citation omitted).

Felder filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in the Sentencing Court on May 2, 2012. *Id.* In his § 2255 motion, Felder argued that the PSR improperly calculated both his offense level and more relevant here, that "the series of offenses for which he had previously been convicted between 2000 and 2003 should not have been included in his criminal history score because the offenses do not meet the definition of 'felony drug offense' under 21 U.S.C. § 802(44)"[2] and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).[3] *Id.* at *2 & n.2 (citation omitted). The Sentencing Court rejected his claim, noting *inter alia*, that Felder's § 2255 motion was untimely, barred by his valid plea agreement, procedurally barred, and lacked merit because "it is well settled that the 'rule of *Simmons* has no bearing upon the calculation of petitioner's criminal history category under the Sentencing Guidelines.' *White v. United*

---

[2] This section provides that "[t]he term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or State . . . ." 21 U.S.C. § 802(44).

[3] In *Simmons*, the Fourth Circuit addressed the method for determining whether a prior conviction is considered a "felony" conviction punishable by a term of more than one year. *Simmons*, 649 F.3d 243–35. The Fourth Circuit

> overruled prior decisions and held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, we look not to the maximum sentence that North Carolina courts could have imposed for a *hypothetical* defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's *actual* level of aggravation and criminal history.

*United States v. Powell*, 691 F.3d 554, 556 (4th Cir. 2012) (citing *Simmons*, 649 F.3d at 241).

*States*, No. 4:11–cv–83–FL–1, 2013 WL 97414, at *3 (E.D.N.C. Jan. 8, 2013)." *Id.* at *2–4 & n.2. The Fourth Circuit dismissed his appeal. *United States v. Felder*, 610 F. App'x 320 (4th Cir. 2015).

On June 9, 2017, Felder filed a second § 2255 motion, again raising a claim under *Simmons*. *See Felder v. United States*, Nos. 5:17–cv–105–FDW, 5:06–cr–22–FDW–DSC–2, 2018 WL 442868, at *1 (W.D.N.C. Jan. 16, 2018). The Sentencing Court dismissed his § 2255 motion as successive and unauthorized. *Id.* at *3.

In his § 2241 Petition, Felder once again contends that under *Simmons*, his prior convictions do not qualify as felony drug offenses under § 851 or for criminal history points. (*See* ECF No. 1, at 3.)[4] As discussed below, Felder fails to demonstrate that he may use § 2241 to obtain relief.

## II. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[5] "For example, attacks on the execution of a

---

[4] The Court employs the pagination assigned by the CM/ECF docketing system for citations to Felder's submissions.

[5] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012

sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).[6]

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his or her conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The Fourth Circuit recently expanded the longstanding "controlling test," *id.*, as follows:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

---

WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

[6] Felder cannot avoid the bar on filing successive 28 U.S.C. § 2255 motions by suggesting he is filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . . , the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)).

5

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted), *cert. denied*, 138 S. Ct. 1318 (2019).[7]

### III. Analysis of Felder's 28 U.S.C. § 2241 Petition

Here, Felder challenges the legality of his sentence. Felder fails to satisfy the second prong of *Wheeler*. Specifically, Felder fails to demonstrate that the "settled substantive law changed and was deemed to apply retroactively on collateral review," and, that, "due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018.) Felder argues that *Simmons* entitles him to relief on his sentence; however, *Simmons* was decided in 2011, prior to when Felder filed his first § 2555 motion in 2012. Indeed, Felder even raised challenges to his sentence under *Simmons* in that first § 2255 motion. However, the Fourth Circuit did not hold that *Simmons* applied retroactively to cases on collateral review until August 21, 2013. *See Miller v. United States*, 735 F.3d 141 (4th Cir. 2015).[8] Felder raised challenges to his sentence under

---

[7] Until *Wheeler*, a petitioner was required to satisfy the following test and was unable to challenge his sentence:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added).

[8] In *Wheeler*, the Fourth Circuit suggests that a *Simmons* claim was not available until they held the case retroactive to cases on collateral review in *Miller* despite the fact that the controlling opinion was decided in 2011. 886 F.3d at 421, 429. The Fourth Circuit fails to

*Simmons* in his first § 2255 motion and that motion remained pending until April 9, 2015 when the Sentencing Court finally dismissed the motion. Felder had an opportunity between August 21, 2013 and April 9, 2015 to supplement his § 2255 motion to argue that *Simmons* was now retroactive. Thus, the "deemed to apply retroactively on collateral review" version of a *Simmons* claim was clearly available to Felder during the pendency of his first § 2255 motion. Felder fails to satisfy the second prong of *Wheeler*.[9]

Felder also fails to meet the fourth prong of *Wheeler*. Here, Felder's sentence was based on the drug weight he agreed was foreseeable to him in his Plea Agreement, a Chapter 2 enhancement for use of a firearm during the conspiracy, and criminal history points under the advisory Sentencing Guidelines, and was not based on the § 851 enhancement as Felder suggests.

The fourth prong of *Wheeler* requires a showing that due to a retroactive change in the law, Felder's sentence "now presents an error sufficiently grave to be deemed a fundamental defect." *Wheeler*, 886 F.3d at 429. The Fourth Circuit has concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-*United States v. Booker*, 543 U.S. 220, 245 (2005), when the Sentencing Guidelines were mandatory. *Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018).

---

explain how this approach squares with retroactivity analysis under § 2255. Nevertheless, the Court is constrained to assume that, for the purposes of § 2241, *Simmons* was not "deemed to apply retroactively on collateral review" until August 21, 2013.

[9] Felder also argues that his sentence is improper under *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005). It is not entirely clear for what proposition Felder cites *Harp*; however, *Harp* was overruled by *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). *See United States v. Morton*, 443 F. App'x 775, 780 (4th Cir. 2011).

However, the Fourth Circuit explicitly noted that if Lester had been sentenced under the post-*Booker* advisory Sentencing Guidelines, his petition would be barred as failing to meet the fourth prong of *Wheeler*. *Id.* at 715. The Court explained:

> In [*United States v. ]Foote*[, 784 F.3d 931 (4th Cir. 2015)], we said a prisoner couldn't challenge a trial court's misapplication of the advisory Guidelines under § 2255. 784 F.3d at 932. The government is correct that in *Foote*, we distinguished a misapplied career offender enhancement from fundamental defects such as "sentences issued 'in excess of the maximum authorized by law'." *Id.* at 942 (quoting 28 U.S.C. § 2255(a)). But crucial to our analysis in *Foote* was that the petitioner, unlike Lester, was sentenced after *Booker* had rendered the Guidelines purely advisory. Because the Guidelines lacked legal force, we explained, an erroneous advisory Guidelines classification was unlike a violation of a statute or constitutional provision. *Id.* at 942; *see Wheeler*, 886 F.3d at 422 n.9 (distinguishing *Foote*).
> 
> *Foote undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines.* But *Foote* simply doesn't apply to a petitioner sentenced in the pre-*Booker* era. Indeed, we denied the petitioner's claim in *Foote* partly on the grounds that, because he was sentenced under the advisory Guidelines, the district court not only had the discretion to decide whether the Guidelines sentence was justified, but in fact was required to do so. *Foote*, 784 F.3d at 941–42; see 18 U.S.C. § 3553(a) (requiring individualized analysis of sentencing factors). That discretion is what the district court lacked at Lester's sentencing because, at that time, the Guidelines were mandatory.

*Lester*, 909 F.3d at 715 (emphasis added); *see Payton v. Entzell*, No. 2:18CV48, 2019 WL 2578770, at *2–3 (N.D. W.Va. June 24, 2019) (holding that petitioner challenging career offender sentence under advisory Guidelines fails to satisfy the fourth *Wheeler* prong). Although Felder was not found to be a career offender as in *Lester*, his sentence imposed in 2008 was driven by the advisory Guidelines and thus, the Court had

8

discretion in sentencing Felder. Therefore, Felder cannot meet the fourth prong of *Wheeler*, and the Government's Motion to Dismiss will be granted.[10]

## IV. Conclusion

Because Felder fails to demonstrate that the "subsequent to [his] direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review," *Wheeler*, 886 F.3d at 429, he may not proceed by § 2241. Accordingly, the Government's Motion to Dismiss (ECF No. 10) will be granted. Felder's § 2241 Petition (ECF No. 1) will be dismissed without prejudice for want of jurisdiction.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Aug. 26, 2019
Richmond, Virginia

---

[10] The Government also asserts that Felder waived the right to bring this petition challenging his sentence by his validly entered guilty plea. (Mot. Dismiss 5–6.) In *Wheeler*, and in subsequent cases in the Fourth Circuit, it does not appear that the Government made the argument that the terms of the defendants' plea agreements waived the right to challenge their sentence in post-conviction proceedings. Here, in his guilty plea, Felder agreed that he
> Waives all such rights to contest the conviction and/or the sentence except for: (1) claims of ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) the sentence, but only to the extent [Petitioner] contests the sentence on the basis that one or more findings on guideline issues were inconsistent with the explicit stipulations contained in any paragraph in the plea agreement filed herein, or on the basis of an unanticipated issue that arises during the sentencing hearing and which the District Judge finds and certifies to be of such unusual nature as to require review by the Fourth Circuit.

*Felder*, 2015 WL 1602076, at *1 (alteration in original). The Fourth Circuit found his appellate waiver was valid during his direct appeal. *Id.* at *2. Felder fails to provide any persuasive reason why his guilty plea was not knowing or voluntary and therefore, why his validly entered plea agreement would not bar his post-conviction challenge to his sentence. Nevertheless, because Felder fails to satisfy *Wheeler*, the Court declines to dismiss the § 2241 Petition solely on this ground.

9